IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARK WAYNE RODRIGUEZ § | |
| § | A-11-CA-783  LY |
| V. § | (A-09-CR-149  LY) |
| § | |
| UNITED STATES OF AMERICA § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, received September 8, 2011 (Clerk's Dkt. #59); Memorandum of Law and Arguments in Support of Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255, received September 8, 2011 (Clerk's Dkt. #60); and Government's Response In Opposition to Movant's Motion to Vacate, Set Aside, Reduce or Correct Sentence Under 28 U.S.C. § 2255, filed November 19, 2011 (Clerk's Dkt. #63).  After reviewing the parties' pleadings, relevant case law and the entire case file,  the Magistrate Court now issues the following Report and Recommendation to the District Court.

I. BACKGROUND

Movant Mark Wayne Rodriguez ("Rodriguez") pled guilty without the benefit of a plea agreement to a single-count indictment charging him with being a convicted felon in possession of

a firearm in violation of 18 U.S.C. § 924(g)(1). The Court sentenced Rodriguez to seventy-eight months confinement, followed by a three (3) year term of supervised release.

Movant filed a notice of appeal. The Fifth Circuit dismissed his appeal for failure to timely order transcripts and make financial arrangement with the court reporter and pay docketing fees. *Rodriguez v. United States*, No. 09-50735 (5th Cir. Sep. 23, 2009). On October 4, 2010, Rodriguez filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("First 2255"). In that motion Rodriguez alleged that his attorney provided ineffective assistance of counsel by failing to perfect and pursue an appeal of his conviction and sentence, which resulted in dismissal of his appeal.

In response to the First 2255, the government suggested Rodriguez be permitted to file an out-of-time appeal. The Court agreed, and by order dated December 22, 2010, the Court dismissed the First 2255, and directed the District Clerk to re-enter the judgment in this case. The order further admonished Rodriguez:

> upon the filing of this order and the re-entry of his judgments, if he desires, the District Clerk will, upon request, prepare and file the notice of appeal on his behalf. Any request to do so must be made within the fourteen (14) day period indicated. He is further admonished that, . . . if he is currently unable to pay the cost of the appeal, he has the right to apply to the Court for leave to appeal in forma pauperis in accordance with Fed. R. App. P. 24(a), and to seek the appointment of counsel to represent him on appeal. An application to appeal in forma pauperis must be filed with the Clerk within the fourteen (14) day period, otherwise, it may not be considered by the Court.

(Clerk's Dkt. #46 at 3). The judgment was re-entered that same date. By order dated December 29, 2010, the Court again advised Rodriguez he had fourteen days after the re-entry of the judgment to file a notice of appeal

Instead of filing a notice of appeal, on January 10, 2011, Rodriguez filed a motion and

request for certificate of appealability. The motion and request were dismissed as unnecessary, based on the Court's re-entry of the judgment. Rodriguez eventually filed a "Notice of Appeal" on July 18, 2011, and also requested an extension of time to file a notice of appeal. By order dated July 26, 2011 the Court construed Rodriguez's pleading as a motion to extend the time for filing a notice of appeal and denied it as well outside the period permitted by the Federal Rules of Appellate Procedure for such a request. Rodriguez appealed. The Fifth Circuit dismissed the appeal. *United States v. Rodriguez*, No. 11-50656 (5th Cir. Aug. 31, 2011).t

Rodriguez has now filed the instant motion ("Second 2255") In it, he again attacks his conviction and sentence on the basis that his counsel provided ineffective assistance in failing to pursue an appeal of his conviction and sentence.

## II. SECOND OR SUCCESSIVE MOTION

On April 24, 1996, significant amendments were made to the habeas corpus statute by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In pertinent part, 28 U.S.C. § 2255 was amended to provide that before a second or successive motion to vacate, set aside, or correct sentence is filed in the district court, a movant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2255(h) (second or successive motion must be certified by appropriate court of appeals); 28 U.S.C. § 2244(b)(3) (before second or successive application is filed in district court, applicant must move for authorization in appropriate court of appeals).

In considering a petition for post-conviction relief, the phrase "second or successive" is considered "a term of art." *Magwood v. Patterson*, __ U.S. __, 130 S. Ct. 2788, 2797 (2010) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S. Ct. 1595, 1605 (2000)). The phrase does not simply

refer to all "applications filed second or successively in time." *Magwood*, 130 S. Ct. at 2796 (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944, 127 S. Ct. 2842, 2853 (2007)). Rather, it "must be interpreted with respect to the judgment challenged." *Magwood*, 130 S. Ct. at 2797. In *Magwood*, the Supreme Court considered this issue in the context of a grant of an initial habeas petition which resulted in a second round of state-court sentencing proceedings. The *Magwood* court held a habeas application challenging the resulting new judgment was not "second or successive" within the meaning of the AEDPA. *Magwood*, 130 S. Ct. at 2802. Thus, according to a recent Fifth Circuit opinion "whether a new judgment has intervened between two habeas petitions, such that the second petition can be filed without this Court's permission, depends on whether a new sentence has been imposed.*" In re Lampton*, __ F.3d __, 2012 WL 75798, at *2 (5th Cir. Jan. 11, 2012).

In the case of Rodriguez, however, a new sentence was not imposed. Rather, his original judgment and conviction were simply re-entered. The Fifth Circuit has recently made clear where a prior habeas application does not result in entry of a new sentence, there is no intervening judgment for the purpose of the AEDPA's provisions. Thus, in *Lampton*, the appellate court held the entry of a second judgment which vacated Lampton's conviction on a lesser-included offense as violative of double jeopardy, but did not alter his sentence, rendered his attack on that judgment "second or successive" under the AEDPA. *Lampton*, 2012 WL 75798, at *2. In so doing, the *Lampton* court distinguished both *Magwood* and a prior Fifth Circuit case as involving the entry of a new judgment following new sentencing proceedings. *Id*. (distinguishing *In re Barnes*, No. 11–30319 (5th Cir. June 23, 2011) as involving judgment "corrected" to alter life sentence to ninety-nine–year sentence). The appellate court also favorably cited a Tenth Circuit opinion declining to apply *Magwood* where, after denial of petitioner's first habeas application, the state court entered an amended judgment that

"merely corrected a clerical error"—specifically, a typographical error—in the judgment of conviction. *Lampton*, 2012 WL 75798, at *2 (citing *In re Martin*, 398 F. App'x 326, 327 (10th Cir. 2010)).

Because Rodriguez did not receive a new sentence following his First 2255, bur rather his judgment was simply re-entered, his Second 2255 is "second or successive" under the AEDPA. Accordingly, pursuant to the amendments to §§ 2255 and 2244(b), the undersigned recommends the Court transfer Rodriguez's Second 2255 to the Fifth Circuit Court of Appeal as a successive motion, because Movant has not obtained prior approval to file the Second 2255. *In re Epps*, 127 F.3d 364 (5th Cir. 1997).

### III.  ANALYSIS OF THE MERITS

Alternatively, the undersigned finds Rodriguez has failed to show he is entitled to post-conviction relief.

**A.     Applicable Law**

The Sixth Amendment to the United States Constitution guarantees a defendant in a criminal case reasonably effective assistance of counsel. U.S. CONST. amend VI; *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716 (1980). To prevail on an ineffective assistance of counsel claim, movant must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). First, he must demonstrate counsel's performance fell below an objective standard of reasonableness. *Id.* Under this standard, counsel must "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). Second, movant must prove he was prejudiced by counsel's substandard performance. "[T]o prove prejudice, the defendant must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 841-42.  When a defendant fails to meet either requirement of the *Strickland* test, his ineffective assistance of counsel claim is defeated.  *See Belyeu v. Scott*, 67 F.3d 535, 538 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1993).

### B.      Discussion

Rodriguez claims his counsel was ineffective for failing to timely prosecute an appeal of his conviction.  In response, the government argues any failure on the part of Rodriguez's counsel did not result in prejudice to Rodriguez.  As the government points out, Rodriguez was granted relief in his First 2255 on the very claim he raises now and was granted an opportunity to file an out-of-time appeal.  As a result, Rodriguez was effectively given the relief he seeks now, and no further consideration of his claim is necessary.  *See United States v. Robinson*, 117 F. App'x 973, 980 (5th Cir. 2004) (where district court had already effectively given movant a direct appeal of claim of breach of plea agreement, and ruled against him, court had no need to explore movant's claim that attorney was ineffective for failing to file notice of appeal "because he has already been accorded all the relief available to him").  Further, Rodriguez' failure to take advantage of the opportunity granted him is the fault of Rodriguez alone, and does not merit additional habeas relief. Accordingly, Rodriguez has failed to show he is entitled to post-conviction relief on this basis.

### IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **TRANSFER** to the Fifth Circuit Court of Appeals Movant's Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Clerk's Dkt. #59) or alternatively, **DENY** the motion.

6

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## VI.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of March, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE